IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY M. SMITH,

        Plaintiff,

v.

        Case No. 13-2605

HILLSHIRE BRANDS,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Anthony M. Smith, proceeding pro se, filed suit against Hillshire Brands[1] ("Hillshire") seeking $1 million in damages for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). This matter is before the court on Hillshire's Partial Motion to Dismiss (Doc. 11).

In its motion, Hillshire seeks to dismiss plaintiff's Title VII and ADA claims.[2] For the following reasons, the court grants Hillshire's partial motion to dismiss with regard to plaintiff's ADA claim and denies the same claim with regard to plaintiff's Title VII claim.

**I. Background**

Hillshire employed Smith from January 2011 until September 3, 2013. During at least a portion of his employment, Smith was entitled to intermittent absences under the FMLA. Smith claims he received time off under the FMLA "because of the stress this company has . . . put me under." (Doc. 1 at 6.) In a letter dated August 30, 2013, Smith and Hillshire were notified (by a company

---

[1] Defendant refers to itself as "The Hillshire Brands Company." For purposes of this order, the court refers to defendant by its name as is reflected on this district's electronic docket sheet in CM/ECF.

[2] Hillshire does not seek dismissal of plaintiff's FMLA claim.

called "Reed Group") that plaintiff's intermittent FMLA leave was extended from August 21, 2013 to February 16, 2014. (Doc. 1 at 14.)

According to Smith, he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in early January 2013, which Smith refers to as EEOC Charge No: 563-2013-00629 (the "First Charge"). (Doc. 1 at 7.) The contents of the First Charge are unclear, as a copy of the charge is not included in the current record. Smith alleges that, in the months after he filed the First Charge, his supervisors subjected him to instances of discriminatory conduct, including the use of abusive and racially insensitive language.

On September 3, 2013, Hillshire discharged Smith. Thereafter, Smith filed this action against Hillshire, alleging his discharge violated the ADA, Title VII, and the FMLA. Hillshire answered and filed this partial motion to dismiss for failure to state a claim. Hillshire contends that Smith has not alleged a disability under the ADA and that his Title VII claim lacks causation due to the passage of time.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court clarified this pleading standard in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A plaintiff must "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id.*

A complaint should include "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1

(D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008)). The court takes well-pleaded facts as true and resolves any reasonable inferences in the plaintiff's favor. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Accordingly, in examining a complaint under Rule 12(b)(6), the court must disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Pro se pleadings must be construed liberally by the court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the plaintiff must still present facts sufficient to state a recognized legal claim, and the court is not obligated to accept statements of pure legal conclusion. *Merryfield v. Jordan*, 431 F. App'x 743, 749 (10th Cir. 2011).

**III. Discussion**

**A.    Title VII Retaliation Claim**

A prima facie claim of retaliation under Title VII requires that: (1) plaintiff engaged in protected opposition to discrimination; (2) plaintiff suffered a materially adverse employment action; and (3) a causal connection exists between the protected activity and the materially adverse action. *Paige v. Donovan*, 511 F. App'x 729, 734 (10th Cir. 2013). Smith alleges he was discharged in retaliation for filing the First Charge with the EEOC. Hillshire contends that the nine-month gap between Smith's filing of the First Charge and his discharge is too long to maintain a causal nexus between the protected activity and the adverse action, absent other evidence. *See Hall v. Interstate Brands Corp.*, 395 F. App'x 519, 522 (10th Cir. 2010) (stating that a three-month time period between the protected conduct and adverse action was too long to establish causation without other evidence).

In this case, Smith's complaint contains allegations that his supervisors engaged in discriminatory conduct—including using racial slurs—after he filed his First Charge, and that the

-3-

racial slurs continued until his discharge. Such animosity toward plaintiff between the filing of the First Charge and plaintiff's discharge could be other evidence of retaliation notwithstanding the length of time between the two events. *See e.g.*, *Robinson v. Se. Pa. Transp. Auth., Red Arrow Div.*, 982 F.2d 892, 895 (3d Cir. 1993) (holding that intervening pattern of antagonism can be evidence of retaliatory discharge despite two-year gap between protected activity and discharge). Moreover, the court has no information about the basis for the First Charge, nor is the court aware of the frequency or substance of these purported racial slurs, all of which may impact whether this alleged discriminatory conduct actually supports the existence of a causal connection.

At this juncture in the litigation, the court cannot conclude as a matter of law that a causal connection does not exist where plaintiff alleges racial discrimination that began with the filing of the First Charge and continued until plaintiff's discharge. While the court makes no determination regarding the weight or admissibility of any such purported evidence, Smith has alleged enough facts to muster a plausible retaliation claim under Title VII. The court denies Hillshire's motion to dismiss Smith's retaliation claim.

**B.     ADA Claim**

A prima facie claim for discrimination under the ADA requires that: (1) the plaintiff be disabled or perceived as disabled by his employer; (2) the plaintiff be qualified to perform reasonable functions of his job, with or without reasonable accommodation; and (3) the plaintiff suffered discrimination as a result of his disability. *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 742 (10th Cir. 2013) (citing *Justice v. Crown Cork & Seal Co.*, 527 F.3d 1080, 1086 (10th Cir. 2008)). All three elements are required; accordingly, if one element is not met, the other two need not be addressed by the court. *Id.*

Here, the court dismisses Smith's ADA claim because Smith did not allege his discharge was a result of a disability as defined by the ADA. In paragraph 9 of Smith's form complaint, Smith stated his disability was "FMLA," which is not a disability as defined by the ADA. *See* 42 U.S.C. § 12102; *Nealey v. Water Dist. No. 1 of Johnson Cnty.*, 324 F. App'x 744, 749-51 (10th Cir. 2009) (holding that approval of FMLA leave does not support an inference of a disability)). Having failed to allege a disability as required to establish a prima facie case, the court holds that dismissal of Smith's ADA claim is appropriate.

**IT IS THEREFORE ORDERED** that Defendant Hillshire's Partial Motion to Dismiss (Doc. 11) is denied with regard to plaintiff's Title VII retaliation claim and granted with regard to plaintiff's ADA claim.

Dated this 16th day of May, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**